CLARA CRAFT *v.* JAMES KLEPFER, M.D. ET AL.

[No. 272S16. Filed February 19, 1973.]

*Max George Margulis,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a denial of release in a habeas corpus action brought by the appellant against the appellee.

On May 5, 1969, appellant was charged with the offense of carrying a pistol without a license. On May 12 of that year the prosecuting attorney moved the trial court for a mental examination of appellant to determine her capacity to understand the nature of the charge against her.

On May 27, 1969, the trial court heard testimony and determined that appellant lacked the requisite standard of mental competency to stand trial. She was committed to the Richmond State Mental Hospital.

On June 3, 1971, the appellee, Dr. James Klepfer, Superintendent of the Richmond State Hospital, sent a letter to the trial court wherein he stated:

(Appellant) "has regained her sanity insofar as that relates to her ability to comprehend the charges against her and to aid in her defense. It is our opinion that she understands the legal aspects of her situation completely."

On June 29, 1971, the appellant filed a written request with the court to be brought to trial. The court replied by letter dated July 2, 1971, that the certification from Dr. Klepfer was insufficient in that it did not state that appellant had become sane.

The appellant then filed a petition for writ of habeas corpus. On September 10, 1971, a hearing was had on said petition, and the writ was denied. The court entered the following judgment:

"The Court having heard the evidence and arguments of counsel and being duly advised in the premises finds for the defendants that the plaintiff is lawfully in the custody of James Klepfer, M.D., Superintendent of the Richmond State Hospital, and is not entitled to bail."

On October 21, 1971, appellant filed a motion to correct errors, which was overruled on November 21, 1971.

On March 9, 1972, after having received an extension of time, the appellant filed her transcript of record and appellant's brief with the Clerk of this Court, together with proof of service on the Attorney General.

We must first deal with appellee's contention that this appeal should be dismissed because of appellant's failure to comply with the rules of procedure. Appellee argues that he received no notice of the filing of the record and appellant's brief with the Clerk of this Court as required by the rules. A state of confusion exists by reason of the fact that proof of service reveals that appellant's brief was served on counsel for appellee on February 17, 1972, and that on February 22, 1972, appellee's counsel was served with a copy of a verified motion for extension of time to file the record in this cause. Then, as above stated, both the record and appellant's brief

were filed on March 9, 1972, within the time allowed by this Court on petition for extension of time. Although this somewhat unorthodox approach to the filing of the record and briefs and the serving of copies thereof on opposing counsel is somewhat confusing, appellant nevertheless did file her record and briefs within the time allowed and did, in fact, serve a copy of her brief on opposing counsel. Because of the confusion and the timing involved, this Court granted the appellee an extension of time to file his brief in this cause, and on May 15, 1972, the appellee did, in fact, file his brief. The fact thus being that all parties are properly represented by timely filed briefs in this Court, this appeal will not be dismissed but will be determined upon its merit.

It is appellant's contention that she is entitled to a trial on the criminal charge pending against her, since she has been certified by the appellee as competent to stand trial.

Appellant was committed under IC 1971 35-5-3-2, Burns' Ind. Stat. Ann., 1972 Supp., § 9-1706a which reads as follows:

"When at any time before the trial of any criminal cause or during the progress thereof and before the final submission of the cause to the court or jury trying the same, the court, either from his own knowledge or upon the suggestion of any person, has reasonable ground for believing the defendant to be insane, he shall immediately fix a time for a hearing to determine the question of the defendant's sanity and shall appoint two [2] competent disinterested physicians who shall examine the defendant upon the question of his sanity and testify concerning the same at the hearing. At the hearing, other evidence may be introduced to prove the defendant's sanity or insanity. If the court shall find that the defendant has comprehension sufficient to understand the nature of the criminal action against him and the proceedings thereon and to make his defense, the trial shall not be delayed or continued on the ground of the alleged insanity of the defendant. If the court shall find that the defendant has not comprehension sufficient to understand the proceedings and make his defense, the trial shall be delayed or continued on the ground of the alleged insanity of the defendant. If the court shall find that the defendant has not comprehension sufficient to understand the proceedings and make his defense, the court shall order

the defendant committed to the department of mental health, to be confined by the department in an appropriate psychiatric institution. Whenever the defendant shall become sane the superintendent of the state psychiatric hospital shall certify the fact to the proper court, who shall enter an order on his record directing the sheriff to return the defendant, or the court may enter such order in the first instance whenever he shall be sufficiently advised of the defendant's restoration to sanity. Upon the return to court of any defendant so committed he or she shall then be placed upon trial for the criminal offense the same as if no delay or postponement has [had] occurred by reason of defendant's insanity. [Acts 1951, ch. 238, § 2, p. 682; 1961, ch. 151, § 2, p. 329; 1963, ch. 91, § 1, p. 58; 1967, ch. 291, § 2, p. 946.]"

The trial court apparently took the position that the appellant could not be tried until she was certified as sane. However, the words in the statute, "whenever the defendant shall become sane . . ." must be construed in light of the definition in the committing part of the statute. The statute must be read as a whole. *Cheaney* v. *State* (1972), 259 Ind. 138, 285 N. E. 2d 265, 32 Ind. Dec. 42.

An examination of the statute in its entirety clearly reveals that the recovery of "sanity" is equated with "comprehension sufficient to understand the procedure and make his defense." To apply a different definition to the word "sane" as used in determining the release of a defendant for purposes of trial would violate the defendant's right of equal protection. U.S. CONST. amend. XIV; IND. CONST. art. 1, § 23.

The only evidence submitted to the trial court concerning the condition of the appellant was that appellant was capable of understanding the proceedings against her and aiding in her defense. It is immaterial that appellant may be suffering from some mental disorder that would preclude a declaration that she is entirely sane. She must be afforded her right to a speedy trial notwithstanding mental deficiencies so long as she is capable of understanding the proceedings against

her and is able to aid in her defense. 21 Am. Jur. 2d, *Criminal Law*, § 63. See also *Marx* v. *State* (1957), 236 Ind. 455, 141 N. E. 2d 126.

The facts in this case disclose that the appellant must be released from the commitment under which the appellee now holds her as a patient in the Richmond Hospital. That commitment under the statute was good only until she had recovered sufficiently to be capable of understanding the proceedings against her and to aid in her own defense.

The trial court is reversed, and this cause is remanded to the trial court for further action not inconsistent with this opinion.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 292 N. E. 2d 601.